SUMMONS ISSUED

**CV-11 2938**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

SHIFRA STONE

                                   Plaintiff,

           -against-

CREDIT CONTROL LLC.

                                 Defendant.

-----------------------------------------------------------------

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 20 2011 ★

LONG ISLAND OFFICE

IRIZARRY, J.
POLLAK, M.

### COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff brings this action for damages arising from the defendant's violation of §1692 *et seq.* of Title 15 of the United States Code, the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### Introduction

1. This action seeks redress for the illegal practices of Defendant, concerning the collection of debt, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA").

### Jurisdiction and Venue

2. This Court has Federal question jurisdiction under 28 U.S.C. §1331.

3. Venue is proper in this District because the acts and transactions that give rise to this occurred, in substantial part, in this District. Additionally, the Plaintiff is located within this District.

4. Plaintiff resides in the State of New York in the county of Kings.

1

5. Plaintiff is a "Consumer" as that term is defined by §1692(a)(3) of the FDCPA in that the alleged debt that the defendant, sought to collect from her is a consumer debt.

6. Upon information and belief, defendant is an active Missouri corporation which transacts business within the State of New York.

7. Defendant is regularly engaged in the collection of debts allegedly owed by consumers.

8. Defendant is a "Debt Collector" as that term is defined by §1692(a)(6) of the FDCPA.

9. Plaintiff received direct communications from defendant, a debt collector, in the form of a collection letter.

## AS AND FOR A FIRST CAUSE OF ACTION

10. Plaintiff re-alleges and incorporates herein by reference, all the foregoing paragraphs as if set forth fully herein.

11. Collection letters, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

12. Section 1692e of the Fair Debt Collection Practices Act states that:
"A debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt."

13. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

14. The defendant violated §1692g of the Fair Debt Collection Practices Act which requires that upon a written dispute by a consumer that the debt collector cease any further collection activity until such time as verification is sent to the debtor. The defendant violated §1692g of the FDCPA by communicating with the consumer after the

2

consumer sent a written dispute to the defendant.

15. On or about January 5, 2011 the plaintiff did send a written dispute to the defendant, disputing the debt. Defendant did further communicate with the plaintiff by letter dated January 19, 2011 in violation of §1692g.

16. Defendant violated §1692e(10) of the FDCPA by engaging in further collection activity when in fact the FDCPA required that all activities cease.

**WHEREFORE**, plaintiff respectfully requests that the Court enter judgment as follows:

a) Awarding plaintiff statutory damages;

b) Awarding plaintiff costs of this action, including reasonable attorneys' fees and expenses; and

c) Awarding plaintiff such other and further relief as the Court may deem just and proper.

Dated: Cedarhurst, New York
June 19, 2011

Lawrence Katz
Attorney at Law
445 Central Avenue Suite 201
Cedarhurst, New York 11516
Telephone (516) 374-2118
Facsimile (516) 706-2404

LK/kc

3